UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| JAMES McNEELY, ) | |
| ) | |
| **Plaintiff,** ) | |
| v.    ) | Case No. 04-CV-2131 |
| ) | |
| SULLIVAN-PARKHILL AUTOMOTIVE, ) | |
| INC., ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This case is before the court for ruling on the Motion to Compel (#33) filed by Plaintiff, James McNeely, on August 26, 2005. This court has carefully considered Plaintiff's Motion and attached exhibits and the Response (#34) filed by Defendant, Sullivan-Parkhill Automotive, Inc. Following this careful consideration, Plaintiff's Motion to Compel is GRANTED in part and DENIED in part.

### BACKGROUND

On April 29, 2004, Plaintiff filed his Complaint against Defendant in the Northern District of Illinois. Plaintiff alleged that he was employed by Defendant beginning in December 2000. Plaintiff alleged that, during his employment, he was subjected to harassment based upon his race, African-American. He claimed that he was harassed by his supervisors, John Parkhill, Rick Bentley and Dave Fruendt. Plaintiff also claimed that he was harassed on the basis of his race by other employees of Defendant, including Dave Eggenschwiller. Plaintiff further alleged that he was subjected to unequal treatment by his supervisors. Plaintiff alleged that he complained to supervisory employees about the racial discrimination and harassment. Plaintiff alleged that he was terminated by Bentley on November 12, 2002. Plaintiff alleged that a white employee, Shane

Cheatum, engaged in the same conduct on that date and was not terminated. Based upon these allegations, Plaintiff alleged that he was entitled to relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and under 42 U.S.C. § 1981 for racial harassment, race discrimination and retaliation.

Plaintiff attached a copy of the charge of discrimination he filed with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC) on March 28, 2003. Plaintiff also attached a copy of the Notice of Right to Sue which was issued by the EEOC on January 30, 2004.

On June 22, 2004, this case was transferred to this court from the Northern District of Illinois. Subsequently, on September 9, 2004, a Rule 16 conference was held and a Discovery Order (#10) was entered. The Discovery Order stated that the discovery deadline is September 30, 2005, and the deadline for filing dispositive motions is October 15, 2005. This case is scheduled for a final pretrial conference on January 20, 2006, and for a jury trial on February 6, 2005.

## ANALYSIS

This court first notes that Defendant is correct that Plaintiff failed to comply with Local Rule 7.1(B)(1) in filing his Motion to Compel. Plaintiff's Motion was not accompanied by a memorandum of law as required by Rule 7.1(B)(1). However, this court concludes that Plaintiff has adequately stated the basis for the relief requested and has included citations to authority in the attachments to the Motion. Accordingly, this court will address Plaintiff's complaints regarding Defendant's alleged inadequate responses to discovery requests.

In his Motion, Plaintiff has asserted that, following his filing of a charge of discrimination with the IDHR and EEOC, the parties were proceeding before the Illinois Human Rights

Commission (IHRC) regarding Plaintiff's claims. Plaintiff stated that the parties had conducted discovery in the IHRC proceeding and agreed that the responses to the IHRC could stand in this case and would have the full force and effect of discovery propounded under the Federal Rules of Civil Procedure. Plaintiff's discovery complaints are based upon his contention that Defendant failed to adequately respond to the discovery requested during the proceedings before the IHRC.

I. ANSWERS TO INTERROGATORIES

Plaintiff first argues that Defendant's response to IHRC interrogatory 19 remains incomplete. This interrogatory sought information pertaining to the employment status of the alleged harassers in this case. Plaintiff contends that Defendant failed to provide a response to the second part of the interrogatory which requested that Defendant identify all individuals who have knowledge of the termination of the harassers. Plaintiff stated that at least one of the harassers was terminated. In its Response, Defendant confirmed that Bentley was recently terminated for performance issues which were caused by personal issues. Defendant contended, however, that the information requested by Plaintiff is irrelevant because Bentley's termination occurred nearly two years after the termination of Plaintiff's employment for "performance issues" unrelated to Plaintiff's termination.

Because many of Plaintiff's allegations of discrimination, harassment and retaliation refer to Bentley's actions, this court concludes that information regarding Bentley's termination is relevant or reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Therefore, Plaintiff's request for an order compelling a complete answer to IHRC interrogatory 19 is GRANTED. This court hereby orders Defendant to completely respond to IHRC interrogatory 19.

Plaintiff next contends that Defendant failed to completely respond to IHRC interrogatory

33 because Defendant did not provide the last known business and home telephone numbers and addresses for the individuals listed.  In Response, Defendant stated that it does not maintain a record of the business telephone numbers of ex-employees.  Defendant stated that it would, at the time of the filing of its Response, provide Plaintiff with a supplement to its answers to interrogatories and list the last known home address and telephone number of the individuals listed in its supplemental answer to IHRC interrogatory 33.  This court accepts this representation by Defendant and, therefore, Plaintiff's request for an order compelling a complete answer to IHRC interrogatory 33 is DENIED as moot.

Plaintiff next asserts that Defendant's answer to IHRC interrogatory 34 is incomplete because Defendant failed to identify the facts to which the listed individuals may testify to at trial.  In its Response, Defendant states only that it will provide Plaintiff with a Second Supplemental Answers to Complainant's First Set of Interrogatories.  This court assumes that Defendant has, in these answers, provided the additional information requested by Plaintiff.  Accordingly, Plaintiff's request for an order compelling a complete answer to IHRC interrogatory 34 is DENIED as moot.  If adequate answers have not, in fact, been provided, this court authorizes Plaintiff to file a second Motion to Compel.

In IHRC interrogatory 41, Plaintiff sought the identity of witnesses interviewed by Defendant.  Plaintiff stated that Defendant's counsel indicated that she would confirm that Defendant did not interview any witnesses, but that no such confirmation had yet been made.  In its Response, Defendant confirmed that it did not independently interview any witnesses.  Therefore, Plaintiff's request for an order compelling an answer to IHRC interrogatory 41 is DENIED as moot.

II.  RESPONSES TO PRODUCTION REQUESTS

Plaintiff first requests an order compelling complete production of IHRC production requests 4 and 6 which sought the personnel files of Plaintiff and his alleged harassers. Plaintiff stated that, in response to Defendant's concern that this request would be an invasion of privacy, he recommended entering into a protective order "to no avail." In its Response, Defendant stated that it opposes this request for production as irrelevant, unduly burdensome, overly broad and an improper invasion of privacy. Defendant stated, however, that if this court orders the production of these personnel records, the information provided must be protected by a protective order or redaction.

This court concludes that the personnel files of Plaintiff and the alleged harassers are relevant and must be produced. Accordingly, Plaintiff's request for an order compelling full compliance with IHRC production requests 4 and 6 is GRANTED. This court further concludes that these records should be protected by an appropriate protective order. This court hereby orders Defendant to draft a protective order within 7 days of the date of this Order. Defendant is to provide the requested personnel files immediately following the execution of the protective order.

Plaintiff next contends that Defendant has improperly refused to respond to IHRC production request 11 which sought documents relating to termination of employees from 1999 to the present. Plaintiff argued that the requested information is relevant given that Plaintiff alleges that his termination was racially motivated and retaliatory. In its Response, Defendant argues that it has previously responded to Plaintiff's request for documentation relating to the termination of employees for the same or similar offenses and maintains that Plaintiff has not shown any legal basis for the disclosure of the additional information requested. In addition, Defendant noted that Plaintiff agreed to limit the scope of this production request to the years 1999-2002.

5

This court concludes that the information requested in IHRC production request 11 is relevant and must be produced by Defendant. Therefore, Plaintiff's request for an order compelling full compliance with IHRC production request 11 is GRANTED. However, this court agrees with Defendant that, pursuant to Plaintiff's agreement to limit the scope of this request, only documents from the years 1999 through 2002 must be produced by Defendant.

Plaintiff next notes that, in IHRC production request 21, he requested documents pertaining to any lawsuit, charge, complaint, including internal grievances, for race discrimination, racial harassment, or retaliation. Plaintiff stated that Defendant responded to this production request by stating that it was not involved in any litigation pertaining to race discrimination, racial harassment, or retaliation. Plaintiff noted that, in Defendant's supplemental response to IHRC interrogatory 31, Defendant provided information relating to a race discrimination charge against Defendant. Plaintiff argued that full compliance with IHRC production request 21 should be ordered by this court. In its Response, Defendant argued that the charge disclosed in its supplemental answer to IHRC interrogatory 31 is outside of the agreed to dates of 1999 to 2002, so production of documents related to that charge is not required. Based upon Defendant's representation that the charge is outside of the agreed dates, Plaintiff's request for an order compelling production of documents in response to IHRC production request 21 is DENIED.

In IHRC production request 22, Plaintiff requested information regarding any lawsuit, charge, complaint, including internal grievances, for race discrimination, racial harassment, or retaliation made against the harassers in this case. Plaintiff stated that Defendant has not complied with this request. In its Response, Defendant argues, amazingly, that Plaintiff has not shown that these documents are relevant to Plaintiff's complaint. This court concludes that any information

6

regarding charges of discrimination against the individuals Plaintiff has alleged harassed him on the basis of his race are obviously relevant and must be produced.  This court notes, moreover, that Defendant's response to this request is inconsistent with its response to IHRC production request 21 that no such charges exist.  This court hereby orders that, to the extent any such requested documents exist, from 1999 to the present, they are relevant and must be produced.  Accordingly, Plaintiff's request for an order compelling full compliance with IHRC production request 22 is GRANTED.

In IHRC production requests 34, 42, and 43, Plaintiff requested financial documents. Plaintiff stated in his Motion to Compel that Defendant's counsel agreed to produce the requested documents if they existed and if Plaintiff agreed to enter into a protective order.  Plaintiff stated that he requested that Defendant send a draft of the protective order, but none was received.  In its Response, Defendant stated that it has already provided some of the documents requested and has agreed to produce the remaining requested documents if a protective order is entered.  Defendant stated that, as of the date of filing its Response, no protective order is in place.

Because Defendant agrees that the requested documents should be produced, Plaintiff's request for an order compelling full compliance with IHRC production requests 34, 42, and 43 is GRANTED.  Defendant is ordered to draft a protective order within 7 days of the date of this Order. Defendant is further ordered to provide the requested documents immediately following the execution of the protective order.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion to Compel (#33) is GRANTED in part and DENIED in part as stated in this Order.

(2) All deadlines set in this court's Discovery Order (#10) remain in full force and effect.

(3) This case remains scheduled for a final pretrial conference on January 26, 2006, at 1:15 p.m. and for a jury trial on February 6, 2006, at 9:00 a.m.

ENTERED this 16th day of September, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE